1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                    CASE NO. 09CR3402 WQH

12                              Plaintiff,         ORDER

13

14

15                     vs.

     RICARDO CLEMENTE-RAMOS,

16                              Defendant.

17   HAYES, Judge:

18          The matter before the Court is the motion to dismiss the indictment due to invalid

19   deportation filed by Defendant Ricardo Clemente-Ramos. (Doc.# 6).

20                              **BACKGROUND**

21          Defendant is charged in one count indictment with attempted entry after deportation in

22   violation of 8 U.S.C. § 1326 (a) and (b).  Defendant moves the Court to dismiss the indictment

23   against him on the grounds that his underlying deportation on December 8, 2008 was invalid.

24          On December 4, 2008, the Department of Homeland Security issued a Notice to Appear

25   charging that the Defendant, a native and citizen of Mexico, was present in the United States

26   without being admitted or paroled after inspection by an Immigration Officer.  (Doc.# 6-3,

27   Exhibit A).  On that same day, Defendant signed a "Stipulated Request for Removal Order and

28   Waiver of Hearing." (Doc.# 6-3, Exhibit C).  In the Stipulated Request, the Defendant admitted

all factual allegations of the Notice to Appear were true and correct, including: 1)  he is not a citizen of the U.S., 2)  he is a citizen of Mexico, and 3)  he has not been admitted or paroled after inspection by an Immigration Officer.  Defendant represented  that he makes no claim to U.S. citizenship and agrees he is deportable.  Defendant represented that he understands and expressly gives up and waives the following rights: 1) his right to a hearing before an Immigration Judge during which he would have the right to be represented by counsel at no expense to the U.S., 2)  his right to apply for any and all relief from removal for which he might be eligible including any relief which may allow him to remain in the United States legally or permit him to depart voluntarily instead of by a formal order of removal, and 3)  his right to appeal any adverse decision.  Defendant chose Mexico as his country of designation for removal.

On December 8, 2008, the Immigration Judge entered an order of removal stating: "Upon consideration of the respondent's written representations as contained in the Request for a Stipulated Order of Removal, the Concurrence of the Department of Homeland Security Counsel, and the Certification of the  Department of Homeland Security Government Official, I find that the respondent's waiver of hearing is voluntary, knowing, and intelligent based upon that evidence.  The Court further finds that respondent is removable as charged ... it is Ordered that Respondent be removed from the United States to Mexico...."  (Doc. # 6-3, Exhibit A). Pursuant to the Order of the Immigration Judge, Defendant was removed to Mexico.

On February 4, 2009, Defendant was again removed to Mexico based upon reinstatement of the December 8, 2008 deportation order.

On March 15, 2009, Defendant entered into a plea agreement in *United States v. Clemente-Ramos*, 09cr1009WQH.  (Doc. # 8-1).  Defendant agreed to enter a plea of guilty to a one count information charging that on or about February 19, 2009, Defendant violated 8 U.S.C. § 1326(a).  In the plea agreement, Defendant agreed "[he]...was lawfully excluded, deported and removed from the United States to Mexico on December 8, 2008;" stipulated to an order of removal from the United States after he has served any criminal sentence; and waived "any right to appeal, reopen or challenge the removal order." (Doc. # 8-1 at 2).

On April 22, 2009, Defendant was removed to Mexico based upon a reinstatement of the December 8, 2008 deportation order.

On June 24, 2009, Defendant was arrested in this case and subsequently indicted by the grand jury.

## CONTENTIONS OF PARTIES

Defendant contends that the December 8, 2008 stipulated deportation violated his due process rights. Defendant asserts that 1) the Immigration Judge did not independently determine that his waiver of rights was voluntary, knowing, and intelligent; 2) he did not knowingly and intelligently waive his right to counsel; and 3) the Immigration Judge failed to inform him that he was eligible for voluntary departure.

The Government contends Defendant waived any right to challenge the validity of the April 22, 2009 removal in the March 15, 2009 plea agreement. The Government asserts that the evidence demonstrates that Defendant knowingly and voluntarily waived his right to appeal or collaterally attack his April 22, 2009 removal and that the reinstatement of the prior deportation order may comply with due process regardless of whether the underlying December 8, 2008 deportation order complied with due process. The Government further contends that the Defendant suffered no due process violation or prejudice from the December 8, 2008 deportation order.

## DISCUSSION

A. *Waiver of Collateral Attack in March 15, 2009 Plea Agreement*

On March 15, 2009, the Defendant signed a plea agreement in 09cr1009WQH after being charged in an information of a violation of 8 U.S.C. §1326. In exchange for the Government's concessions including the recommendation of a sixty day sentence, the Defendant agreed in part: "Either before or immediately following the sentencing, defendant stipulates and agrees to an order of removal from the United States. Defendant waives ... any right to appeal or collaterally attack the guilty plea, conviction and sentence..." (Doc. # 8-1). After serving his sentence, immigration officials physically removed Defendant on or about April 22, 2009 by reinstatement of the December 8, 2008 removal order.

Reinstatement orders do not exist independent and separate from their prior orders of removal. 8 U.S.C. § 1231(a)(5) states: "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." The Court concludes that the reinstatement of the December 8, 2008 deportation order cannot be used to prove an a element of a criminal prosecution under Section 1326 if the December 8, 2008 deportation order is not valid. The Court further concludes that Defendant's waiver of right to collaterally attack the April 22, 2009 reinstatement in the plea agreement does not include a waiver of the right to collaterally attack the original December 8, 2008 order of deportation. The Court concludes that the plea agreement and the subsequent April 22, 2009 reinstatement do not preclude the Defendant from attacking the validity of the original December 8, 2008 deportation order.

B. *Validity of the December 8, 2008 deportation order*

In order to sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Calderon-Segura,* 512 F.3d 1104, 1107 (9th Cir. 2008) (quotations and citations omitted).

Defendant asserts that his removal proceedings violated due process because his waiver of his right to counsel in the stipulated proceedings falls far short of an adequate waiver. Defendant asserts that the Immigration Judge never had an opportunity to assess whether his waiver of counsel and his right to an appeal were voluntary, knowing, and intelligent because

his removal occurred by stipulation and he never appeared for a hearing. The Government contends that the written record shows the stipulated proceedings was knowing and voluntary.

"The Fifth Amendment guarantees due process in deportation proceedings." *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008) quoting *Colemnar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). "Although there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized it among the rights stemming from the Fifth Amendment guarantee of due process that adhere to individuals that are the subject of removal proceedings." *Id.* at 1241 *quoting Tawadrus v. Ashcroft*, 364 F.3d 1009, 1103 (9th Cir. 2004). "[F]or an applicant to appear *pro se*, there must be a knowing and voluntary waiver of the right to counsel." 364 F.3d at 1004. For a waiver of the right to counsel to be valid, an Immigration Judge "at a minimum, ... must (1) inquire whether the petitioner wishes counsel, (2) determine a reasonable period for obtaining counsel, and (3) assess whether any waiver of counsel is knowing and voluntary." *Mukasey*, 529 F.3d at 1242. "In order for a waiver to be valid, an IJ must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Tawadrus*, 364 F.3d at 1103.

In this case, the Defendant signed the "Stipulated Request for Removal Order and Waiver of Hearing" which included a waiver of his "right to be represented in this proceeding." (Doc. # 6-3 at 9). The Immigration Judge found as a part of the deportation order that "the respondent's waiver of hearing is voluntary, knowing, and intelligent." ( Doc. # 6-3 Exhibit A). There is no record beyond the stipulation. There is no finding by the Immigration Judge of a knowing and voluntary waiver of the right to counsel, no evidence of a specific inquiry by the IJ whether the Defendant wished to continue without counsel, and no evidence of an affirmative response from the Defendant. The Court finds that the waiver of the right to counsel did not comport with the Fifth Amendment guarantee of due process.

C. *Prejudice*

To succeed on the prejudice prong of a claim of invalid deportation, Defendant must show that he had a plausible grounds for relief. *See United States v. Becerril-Lopez*, 541 F.3d

881, 886 (9th Cir. 2008).   At the time of the December 8, 2008 deportation proceedings, the Defendant had no criminal record and was statutorily eligible for voluntary departure. *See* 8 U.S.C. § 1229c(a).  The Government has the burden to present evidence "to demonstrate that the procedural violation could not have changed the proceedings' outcome." *Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).

Voluntary departure is a form of  discretionary relief. *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004).  In order to determine whether to grant discretionary relief from deportation including voluntary departure and adjustment of status, the Board of Immigration Appeals is required to examine "all the facts and circumstances of a particular case." *Paredes-Urrestarazu v.  INS*, 36 F.3d 801, 810 (9th Cir. 1994). The Court concludes that the Government has not come forward with facts and circumstances to show that voluntary departure was not a plausible grounds for relief in this case.

## CONCLUSION

The Court concludes that the record demonstrates that the December 8, 2008 deportation is invalid.  IT IS HEREBY ORDERED that the motion to dismiss the indictment due to invalid deportation filed by Defendant Ricardo Clemente-Ramos (Doc. # 6) is granted.

DATED:  November 17, 2009

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

09CR3402 WQH